# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE CONRAD MARK HENCE, | § | |
|     Debtor. | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. H-07-0098** |
| | § | |
| INDIAN CAVE PARK | § | Bankruptcy Case No. 06-32451-H4-13 |
| PARTNERSHIP, | § | |
|     Appellant. | § | |

## MEMORANDUM AND ORDER

Appellant Indian Cave Park Partnership ("Indian Cave") appeals from the United States Bankruptcy Court's December 20, 2006 "Memorandum Opinion on: (1) Indian Cave Partnership's Objection to Confirmation of Plan of August 18, 2006; and (2) Indian Cave Partnership's Motion Under Rule 9023 Confirmation of Plan of August 18, 2006" confirming Debtor Conrad Mark Hence's Chapter 13 repayment plan and denying Indian Cave's request for reconsideration of the Bankruptcy Court's oral ruling on confirmation. Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court **affirms** the Bankruptcy Court's decision.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Indian Cave holds the mortgage on Debtor's homestead. The debt is evidenced by a promissory note (the "Note") and a Deed of Trust. The Note provides for an

annual interest rate of 5.509%, a maturity date of July 1, 2019, and an 18% annual interest rate on matured, unpaid amounts.[1] The Note provides that if the borrower defaults, the "Lender may declare any unpaid principal balance, earned interest, and any other amounts owed on the note immediately due."

On June 5, 2006, Debtor filed a voluntary Chapter 13 bankruptcy petition. At the time he filed the petition, Debtor was $5,000.00 in arrears on his mortgage payments. It is undisputed that Indian Cave undertook no action to declare the unpaid amounts under the Note "immediately due."

Debtor proposed an Amended Plan under which he would pay the $5,000.00 arrearage to Indian Cave during months 15 through 57, with no interest paid on the arrearage. Indian Cave objected to confirmation of that proposed plan because (1) the proposal to cure the default by paying the arrearage during months 15 through 57 was not within a "reasonable time" as required by the Bankruptcy Code and (2) the Amended Plan did not include 18% interest on the arrearage as required by the Note's terms as construed by Indian Cave.

The Bankruptcy Court conducted a hearing on Indian Cave's objection and, on September 25, 2006, the Bankruptcy Court orally announced its ruling confirming the

---

[1]  The Note is filed in the Bankruptcy Court record as Document 67, beginning at page 114. The Deed of Trust is filed in the Bankruptcy Court record as Document 67, beginning at page 116.

Amended Plan over Indian Cave's objection. The Bankruptcy Court advised counsel that a written opinion would follow shortly thereafter.

On October 4, 2006, Indian Cave filed a Motion Under Rule 9023 requesting reconsideration of the Bankruptcy Court's oral ruling. On December 20, 2006, the Bankruptcy Court issued its written decision overruling Indian Cave's objections to confirmation of the Amended Plan and denying the Rule 9023 motion. This appeal followed.

## II. STANDARD OF REVIEW

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1).

The Court reviews a bankruptcy judge's conclusions of law *de novo* and findings of fact under the "clearly erroneous" standard. *Barron v. Countryman*, 432 F.3d 590, 594 (5th Cir. 2005).

A factual finding is clearly erroneous "only if on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed." *Robertson v. Dennis*, 330 F.3d 696, 701 (5th Cir. 2003) (internal quotations and citation omitted). Stated differently, a "factual finding is not clearly erroneous if it is plausible in the light of the record read as a whole." *In re Ramba, Inc.*, 416 F.3d 394, 402 (5th Cir. 2005). "As long as there are two permissible views of the evidence," the Bankruptcy Court's "choice between competing views" is not clearly erroneous. *In re*

*Acosta*, 406 F.3d 367, 373 (5th Cir. 2005) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)).

Mixed questions of law and fact are reviewed *de novo*. *In re Quinlivan*, 434 F.3d. 314, 318 (5th Cir. 2006); *In re Stonebridge Technologies, Inc.*, 430 F.3d 260, 265 (5th Cir. 2005).

Matters within a bankruptcy judge's discretion are reviewed for an abuse of discretion. *See In re Gandy*, 299 F.3d 489, 494 (5th Cir. 2002). A bankruptcy court abuses its discretion when it "(1) applies an improper legal standard or follows improper procedures . . ., or (2) rests its decision on findings of fact that are clearly erroneous." *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005).

### III.  ANALYSIS

#### A.  "Reasonable Time" Under 11 U.S.C. § 1322(b)(5)

Indian Cave appeals the Bankruptcy Court's decision that the Amended Plan's proposal for curing the mortgage payment default by making payments in months 15 through 57 satisfied the "reasonable time" requirement within 11 U.S.C. § 1322(b)(5).[2] This Court affirms the Bankruptcy Court's decision for the reasons stated in the thorough opinion by the Bankruptcy Court and the cases cited therein.

---

[2] Indian Cave does not argue that it is unreasonable to begin payments in month 15, or that it is unreasonable for payments to span a 43-month period. Instead, Indian Cave argues that the combination is unreasonable.

The Bankruptcy Code provides that, as a general rule, a Chapter 13 debtor's repayment plan cannot modify the rights of a homestead mortgagee. *See* 11 U.S.C. § 1322(b)(2); *Nobelman v. American Sav. Bank*, 508 U.S. 324, 327 (1993); *In re East*, 172 B.R. 861, 865 (Bankr. S.D. Tex. 1994). An exception, found in § 1322(b)(5), allows a repayment plan to provide for "the curing of any default within a reasonable time and maintenance of payments while the case is pending on any . . . secured claim on which the last payment is due after the date on which the final payment on the plan is due."[3] 11 U.S.C. § 1322(b)(5). Section 1322(b)(5) "was designed to enable a debtor to preserve his equity in his mortgaged home and to provide a means to restore and maintain his currency on a long-term debt . . . ." *Grubbs v. Houston First Amer. Sav. Ass'n*, 730 F.2d 236, 245 (5th Cir. 1984).

What constitutes a "reasonable time" for purposes of § 1322(b)(5) is not definitively addressed by the Bankruptcy Code, the legislative history, or the case law. "Virtually all authorities agree that a bankruptcy court exercises its discretion in light of each case's unique facts to determine whether a given plan's cure terms are 'reasonable' within § 1322(b)(5)'s meaning." *See In re Sidelinger*, 175 B.R. 115, 119 (Bankr. D. Me. 1994), and cases cited therein; *see also In re King*, 7 B.R. 110, 112 (Bankr. S.D. Cal. 1980). Although different courts consider various different factors,

---

[3] Only the "reasonable time" requirement of § 1322(b)(5) is at issue in this appeal.

the common practice is to analyze each situation on a case-by-case basis and give primary consideration to whether the cure period is the debtor's best effort and is the most that the debtor can reasonably be expected to pay considering his income. *See, e.g., In re Beckman*, 9 B.R. 193, 197 (Bankr. N.D. Iowa 1981) (holding that payments over 30 months satisfied "reasonable time" requirement where that was "the most that the debtors can reasonably be expected to handle with their income").[4]

In this case, it is undisputed that Debtor anticipates $1,376.79 in disposable monthly income. The first two payments under the Amended Plan are each for $1,350.00, and the remaining payments are each for $1,375.00. Debtor clearly is devoting almost all of his disposable monthly income to satisfy his debts under the Amended Plan and, as correctly found by the Bankruptcy Court, is "making a good faith, best effort." Having correctly evaluated the Amended Plan and whether it satisfied the "reasonable time" requirement, the Bankruptcy Court exercised its discretion to find that making payments to cure the arrearage during months 15 through 57 constituted a "reasonable time" for purposes of § 1322(b)(5). The Bankruptcy Court's finding in this regard is not clearly erroneous, and confirmation of

---

[4]     The Third Circuit has held that a "reasonable time" under § 1322(b)(5) is a period "within the duration of the chapter 13 plan, which may not exceed five years." *See In re deLone*, 205 Fed. Appx. 964, 967 (3rd Cir. 2006).

a repayment plan that proposed curative payments over months 15 through 57 was not an abuse of discretion.

### B. 18% Interest on Arrearages

Pursuant to 11 U.S.C. § 1322(e), where the repayment plan proposes to cure a default under § 1322(b)(5), "the amount necessary to cure the default, shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law." 11 U.S.C. § 1322(e). The provision was enacted to overrule a United States Supreme Court decision that required interest to be "paid on mortgage arrearages paid by debtors curing defaults on their mortgages." 140 CONG. REC. H10770 (Oct. 4, 1994). Congress stated its express "intention that a cure pursuant to a plan should operate to put the debtor in the same position as if the default had never occurred." *Id.*

The Bankruptcy Court held that the amount necessary to cure Debtor's default on his long-term mortgage did not include the 18% interest sought by Indian Cave. The Court reviews this legal conclusion *de novo*. For the reasons explained by the Bankruptcy Court in its opinion and discussed herein, this Court **affirms**.

The Note provides for 18% annual interest on any "matured, unpaid amounts." Specifically, the Note states that "[a]ll unpaid amounts are due by the Maturity Date. After maturity, Borrower promises to pay any unpaid principal balance plus interest at the Annual Interest Rate on Matured, Unpaid Amounts." The Note provides for a

Maturity Date of July 1, 2019.  As a result, the Note can reasonably be interpreted to require payment of 18% annual interest on matured, unpaid amounts after July 1, 2019.

The Note also provides that if the "Borrower defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to this note, Lender may declare the unpaid principal balance, and earned interest, and any other amounts owed on the note immediately due."  Texas law requires that acceleration clauses such as this must be "clear and unequivocal" to be effective.  *See Thompson v. Chrysler First Bus. Credit Corp.*, 840 S.W.2d 25, 31 (Tex. App. – Dallas 1992, no pet.) (citing *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232 (Tex. 1982)). As the Bankruptcy Court noted, the Texas Supreme Court in *Ogden* held that the language "failure to cure the breach may result in acceleration" was not clear and unequivocal and, as a result, the lender's attempted acceleration in that case was ineffective.  *See Ogden*, 640 S.W.2d at 234.  The language used in the Note does not provide clearly and equivocally that default will automatically result in acceleration of the maturity date, and there is no evidence that Indian Cave undertook any steps otherwise to cause all amounts owed on the Note to become immediately due.

Indian Cave relies also on the Deed of Trust language in paragraph B.5:

> If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those

amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts.

The Court is unpersuaded that this provision in the Deed of Trust requires the Bankruptcy Court to confirm a repayment plan only if it provides for 18% annual interest on pre-petition arrearages. Instead, as noted by the Bankruptcy Court, the Deed of Trust language provides for interest at the 18% rate only after the lender performs any obligations that the grantor failed to perform. There is no evidence that Indian Cave performed any such obligations.

The Court notes that the following paragraph in the Deed of Trust does apply to default situations. Paragraph B.6. provides that if there is a default "and the default continues after any required notice of the default and the time allowed to cure, the Lender may (a) declare the unpaid principal balance and earned interest on the Note immediately due . . .." This language in the Deed of Trust, which clarifies that there must be notice of default, time to cure, and a declaration that the unpaid amounts are immediately due, supports the Bankruptcy Court's construction of the Note.

The original maturity date of the Note was July 1, 2019. The language in the Note and in the Deed of Trust fails to provide clear and unequivocal notice that default will automatically result in the acceleration of that July 1, 2019 maturity date. There is no evidence Indian Cave declared the unpaid principal balance and other amounts

"immediately due." Thus, under the terms of the Deed of Trust, Indian Cave is not entitled 18% annual interest on "matured" and unpaid amounts. The Bankruptcy Court's decision on this issue is correct and this Court affirms.

## IV.     CONCLUSION AND ORDER

The Bankruptcy Court's decision that the Amended Plan complied with the "reasonable time" requirement of 11 U.S.C. § 1322(b)(5) was neither clearly erroneous nor an abuse of discretion. The Bankruptcy Court's decision that Indian Cave is not entitled to 18% interest on arrearages is correct and affirmed. Accordingly, it is hereby

**ORDERED** that the Bankruptcy Court's December 20, 2006 "Memorandum Opinion on: (1) Indian Cave Partnership's Objection to Confirmation of Plan of August 18, 2006; and (2) Indian Cave Partnership's Motion Under Rule 9023 Confirmation of Plan of August 18, 2006" is **AFFIRMED**. The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **20th** day of **April, 2007.**

_____
Nancy F. Atlas
United States District Judge